IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

_____

| | | |
|---|---|---|
| RICHARD E. SHREVES, | ) | Cause No. CV 10-19-H-DWM-RKS |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER and FINDINGS AND |
| | ) | RECOMMENDATIONS OF |
| STATE OF MONTANA, | ) | U.S. MAGISTRATE JUDGE |
| | ) | |
| Respondent. | ) | |

_____

On April 26, 2010, Petitioner Richard Shreves filed this action seeking a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner is a state prisoner proceeding pro se.

### I. Motion to Proceed In Forma Pauperis

After reviewing Petitioner's motion and supporting account statement, he has sufficiently shown that he cannot afford to pay all costs that may be associated with this action. The motion to proceed in forma

ORDER AND FINDINGS AND RECOMMENDATIONS
OF U.S. MAGISTRATE JUDGE / PAGE 1

pauperis will be granted.

## II. Preliminary Screening

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires courts to examine the petition before ordering the respondent to file an answer or any other pleading. The petition must be summarily dismissed "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Id.

Although Petitioner does not name a correct Respondent, there is no need to delay resolution of this matter on that basis.

## II. Claims and Analysis

In 2000, a jury convicted Shreves of deliberate homicide in Lewis and Clark County. On June 18, 2003, he was sentenced to serve sixty years in prison. Pet. Ex. J.

Petitioner makes several claims designed to excuse the untimeliness of his petition and its procedural defaults. He also asserts that he is entitled to an evidentiary hearing. Those claims, Pet. at 2-4, 7, 12-13, 20-21, and Petitioner's affidavit, Pet. Ex. A, need not be addressed. It is more

efficient to address his claims for relief on the merits. 28 U.S.C. § 2254(b)(2); Lambrix v. Singletary, 520 U.S. 518, 524-25 (1997); Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983).

Habeas corpus is not a device to be used by prisoners "who seek to explore their case in search of its existence." Calderon v. United States Dist. Court, 98 F.3d 1102, 1106 (9th Cir. 1996) (quoting Aubut v. Maine, 431 F.2d 688, 689 (1st Cir. 1979)). A § 2254 petition must "set out substantive facts that will enable the court to see a real possibility of constitutional error." Aubut, 431 F.2d at 689.

### A. Ineffective Assistance of Counsel

Petitioner claims that trial counsel was constitutionally ineffective in three respects. Claims of ineffective assistance are governed by Strickland v. Washington, 466 U.S. 668 (1984). Petitioner must show both that counsel's performance fell below an objective standard of reasonableness, id. at 687-88, and that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," id. at 694.

Petitioner claims, first, that trial counsel failed to obtain his mental

health records from Idaho, Pet. at 7, which would have been admissible to show mitigation, id. at 10.  Petitioner's own exhibits show that there were no Idaho mental health records.  Pet. Ex. G (letter from Idaho defense counsel stating that psychologists "reported verbally to Judge Kerrick, myself and the prosecutor"); Pet. Ex. H (letter from Idaho deputy clerk stating "there was never a psychological evaluation submitted . . . . [T]he written report was never submitted due to the fact that the State dismissed this case"); Pet. Ex. I (letter from evaluating psychologist stating that "My office has no written records from your interview.  I consulted Dr. Emery and he has no written records from your interview.").  Neither prong of the Strickland test is met.  This claim should be denied.

Second, Petitioner claims trial counsel failed to investigate the effects of the psychotropic medications he was given, so that he might have been rendered incompetent. Pet. at 11, 13-15.  Again, Petitioner's own exhibits demonstrate the claim's lack of merit.  The psychologists who evaluated him at the Montana State Hospital found that he improved significantly and became competent to stand trial *because* he was placed on psychotropic medications.  E.g., Pet. Ex. E at 10.  The possibility that

Petitioner again became incompetent before or during trial is mere speculation. Neither prong of Strickland is met. This claim should be denied.

Third, Petitioner claims trial counsel failed to meet the death-penalty standards for competent counsel. Pet. at 11. He also complains that Montana has not adopted such standards. Id. at 12. Petitioner's was not a death penalty case. This claim is frivolous.

### B. Presence at In-Chambers Conferences

Petitioner also asserts that he was denied the right to be present at in-chambers conferences. Pet. at 15. "[A] defendant is guaranteed the right to be present at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure." Kentucky v. Stincer, 482 U.S. 730, 740 (1987).

Petitioner states only that he "could have decided to change his plea in the hope of a more lenient sentence" or "[h]is observations could have informed [his] decision to p[u]rsue an ineffective assistance of counsel claim," Pet. at 18. These speculations do not point to a real possibility of error. This claim should be denied.

ORDER AND FINDINGS AND RECOMMENDATIONS
OF U.S. MAGISTRATE JUDGE / PAGE 5

## IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Cases. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c); Hohn v. United States, 524 U.S. 236 (1998); Lambright v. Stewart, 220 F.3d 1022, 1024 (9th Cir. 2000). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Any doubt as to whether a petitioner has met the standard is resolved in his favor. Lambright, 220 F.3d at 1025.

None of Petitioner's claims presents a real possibility of constitutional error. Aside from issues of untimeliness and procedural default, his claims rely on records that do not exist and wholly speculative possibilities. There is nothing here on which reasonable jurists could disagree. A certificate of appealability is not warranted.

Based on the foregoing, the Court enters the following:

## ORDER

Petitioner's motion to proceed in forma pauperis (doc. 2) is GRANTED. The Clerk of Court shall waive payment of the filing fee.

The Court also enters the following:

## RECOMMENDATIONS

1. The Petition (doc. 1) should be DENIED on the merits.

2. The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondent and against Petitioner.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is

made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Petitioner must immediately advise the Court of any change in his mailing address by filing a "Notice of Change of Address."</u> Failure to do so may result in dismissal of his case without notice to him.

DATED this 17th day of May, 2010.

> */s/ Keith Strong*
> Keith Strong
> United States Magistrate Judge