IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| RICHARD E. SHREVES, | ) | Cause No. CV 10-19-H-DWM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER DENYING MOTION FOR |
| | ) | RECONSIDERATION |
| STATE OF MONTANA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter comes before the Court on a letter written by Petitioner Shreves.

On May 17, 2010, United States Magistrate Judge Keith Strong entered an Order and Findings and Recommendation (doc. 4). As per usual, a copy was printed and mailed to Shreves at his address of record at Montana State Prison. Clerk's Docket Entry No. 4 (May 17, 2010) ("Mailed to Shreves."). On June 24, 2010, well after the 14-day period to object had expired, see Findings and Recommendation at 7-8, this Court adopted the Findings and Recommendation and denied Shreves's petition. Judgment was entered the same day. Notably, the second sentence of the Order of June 24 refers to the Findings and Recommendation entered on May 17,

ORDER DENYING MOTION FOR RECONSIDERATION / PAGE 1

2010. Order (doc. 5) at 1.

On July 6, 2010, Shreves submitted a document titled "Petitioner's Appeal of Magistrate's Order and Recommendation." The "Appeal" does not say Shreves did not receive the Findings and Recommendation. Nor does it address the merits of the petition. On July 14, 2010, the Court entered an Order stating that the "Appeal," which was docketed as an Objection (doc. 7), would not be considered.

Shreves now complains that he did not receive a copy of the Findings and Recommendation. Mot. to Reconsider (doc. 1) at 1. Fed. R. Civ. P. 5(b)(2)(C) provides that service is complete upon mailing, so, in fact, Shreves was served. Moreover, Shreves had notice that a magistrate judge had issued Findings and Recommendation as of at least June 28, 2010, the date he signed his "Appeal" referring to the Order of June 24. Objection at 1, 3. Yet Shreves did not claim he did not receive the Findings and Recommendation until at least twenty days later, on July 18, 2010. Mot. to Reconsider (doc. 9) at 1 (dated July 18, 2010).

Nor can Shreves show clear error or manifest injustice in either the Order of June 24 or the Order of July 14, Zimmerman v. City of Oakland, 255 F.3d 734, 740 (9th Cir. 2001) (Rule 59(e)), or any "mistake, inadvertence, surprise . . . excusable neglect," or other justification for relief under Rule 60(b)(1) or (6). Even if Shreves's late "Appeal" had been considered as an objection to either the Findings and

Recommendation or to the Order of June 24, he would not have prevailed. He asserts that he is entitled to equitable tolling of the statute of limitations. Objection (doc. 7) at 1-3. Shreves's petition was not dismissed as time-barred. It was denied because all of its claims lacked merit.

A certificate of appealability has already been denied as to the petition itself. A certificate is also denied as to all post-judgment matters because no reasonable jurist would find any merit in Shreves's claims even if his "Appeal" had been considered and because a tardy, bare-bones assertion that mail was not received is not sufficient to set aside a duly entered judgment.

Based on the foregoing, the Court enters the following:

### ORDER

Shreves's letter, construed as a motion for reconsideration (doc. 9), is DENIED. A certificate of appealability is DENIED. The Court will not consider any further filings in this case.

DATED this 20th day of July, 2010.

_____
Donald W. Molloy
United States District Judge

ORDER DENYING MOTION FOR RECONSIDERATION / PAGE 3