IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

_____

| | |
|---|---|
| RICHARD E. SHREVES, | Cause No. CV 10-19-H-RKS |
| Petitioner, | |
| vs. | ORDER DISMISSING PETITION AND DENYING CERTIFICATE |
| STATE OF MONTANA, | OF APPEALABILITY |
| Respondent. | |

_____

This case comes before the Court on Petitioner Shreves' petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Mr. Shreves is a state prisoner represented by counsel David Ness.

Based on the parties' written consent, the matter was assigned to the undersigned on January 3, 2013, for all further proceedings, including entry of

1

judgment. 28 U.S.C. § 636(c); Consents (docs. 37-1) at 1-2.

## I. Mr. Shreves' Claims

Mr. Shreves makes four claims for relief:

1. Trial counsel violated Mr. Shreves' Sixth Amendment right to the effective assistance of counsel by:

    A. failing to obtain mental health records relevant to Mr. Shreves' trial and sentencing;

    B. failing to investigate whether Mr. Shreves was taking psychotropic medications during the proceedings and, if so, their effects;

    C. failing to develop mental disease or defect arguments relevant to trial or sentencing.

2. The trial court violated Mr. Shreves' right to due process by failing to conduct an adequate inquiry into Mr. Shreves' competency to proceed.

Am. Pet. (doc. 29) at 15, 21.

The State filed its Answer on November 19, 2012. In addition to opposing Mr. Shreves' claims on the merits, the State also asserts that all claims are untimely and that Claims 1B and 2 are procedurally barred. Mr. Shreves filed a Reply on January 15, 2013.

## II. Time Bar

The State contends, among other things, that the petition is time-barred.

### A. Commencement of the Limitations Period

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") prescribes one of four "triggering events" for its one-year limitations period. *Lee v. Lampert*, 653 F.3d 929, 933 (9th Cir. 2011) (en banc); 28 U.S.C. § 2244(d)(1)(A)-(D)). The State contends that the first triggering event, the date on which direct review is concluded, § 2244(d)(1)(A), applies here. Mr. Shreves' conviction was final ninety days after the Montana Supreme Court ruled on his second appeal, that is, on September 20, 2004. *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 653-54 (2012); *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987); S. Ct. R. 13(1), (3).

Mr. Shreves claims instead that "his § 2254 petition is timely because it was filed within one year of the Montana Supreme Court's decision dismissing his state habeas petition," *id.* at 8. But he does not identify this event with any of the candidate "triggering events" under § 2244(d)(1)(B), (C), or (D). As one court put it, "[t]he language of § 2244(d)[(1)(A)] provides unambiguously that the one-year period within which a federal habeas petition must be filed commences on the 'conclusion of direct review.' This language does not contribute to a misunderstanding that would have the time commence on the 'conclusion of State post-conviction proceedings.'" *Harris v. Hutchinson*, 209 F.3d 325, 331 (4th Cir. 2000).

The State is correct that the federal limitations period commenced on September 20, 2004. Absent any statutory or equitable tolling, therefore, Mr. Shreves was

3

required to file his federal petition on or before September 20, 2005.

**B. Statutory Tolling**

28 U.S.C. § 2244(d)(2) tolls federal time while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." This provision accommodates state prisoners who pursue appropriate state judicial remedies to exhaust their federal claims in state court, as they are required to do, before filing in federal court. *See* 28 U.S.C. § 2254(b), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 843-44 (1999); *Rose v. Lundy*, 455 U.S. 509, 520 (1982). An application for "State postconviction or other collateral relief" is "properly filed" within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings" in the state courts. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

Time was tolled while Mr. Shreves pursued postconviction relief in state court. The postconviction petition was filed in the trial court on May 16, 2005. Case Register DV 2005-311 (doc. 32-16) at 1. That day was Day 238 of the federal limitations period. The Montana Supreme Court affirmed the trial court's denial of the petition on July 17, 2007. Order (doc. 32-26) at 3-4 ¶ 5, *Shreves v. State*, No. DA 06-0122 (Mont. July 17, 2007). July 18, 2007, became Day 238, and Mr. Shreves had

4

127 days left to file his federal petition. *See Lawrence v. Florida*, 549 U.S. 327, 329 (2007). That time period expired on November 23, 2007.[1] He filed two and a half years after that, on April 26, 2010.[2]

On January 10, 2010, Mr. Shreves filed a habeas petition in the Montana Supreme Court. Although his federal time to file had already expired more than two years earlier, he nonetheless contends[3] that time was tolled until his state habeas petition was decided on April 6, 2010. It was not. A habeas petition attacking the validity of a conviction, as Mr. Shreves's did, is not "properly filed" in a Montana state court. "The writ of habeas corpus is not available" under state law "to attack the validity of the conviction or sentence." Mont. Code Ann. § 46-22-101(2).[4] Unlike

---

[1] November 22, 2007, was a holiday.

[2] The certificate of service shows the petition was served on the State on April 22, 2012. It does not show when the petition was placed in the prison mail system for delivery to the Court.

[3] This argument is connected with his incorrect argument that his federal petition was timely because it was filed within one year of the dismissal of the state habeas petition.

[4] Under the State Constitution, the Montana Supreme Court recognizes a narrow exception to the terms of the statute, but *Pace* holds that the mere existence of exceptions to a general rule does not support tolling. 544 U.S. at 411-13. At any rate, Mr. Shreves's habeas petition did not fit into the exception. He did not allege that the trial court lacked statutory authority to impose a sentence of sixty years for deliberate homicide. *See Lott v. State*, 150 P.3d 337, 342 ¶ 22 (Mont. 2006) (holding that "a facially invalid sentence," defined as "a sentence which, as a

procedural bars to particular claims, *see Bennett*, 531 U.S. at 10, Montana's habeas statute goes to "the very initiation of a petition and a court's ability to consider that petition," *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005).

The logic of *Pace* is irrefutable. If a state prisoner could toll time under § 2244(d)(2) by filing *anything* in state court, whether the document was "properly filed" under state law or not, tolling of the federal limitations period would rest in the discretion of the petitioner – at the price of a substantial increase in the number of utterly pointless submissions to the state courts. *Pace*, 544 U.S. at 413. Neither AEDPA nor the traditional importance of the Great Writ counsels such a result.

**C. Equitable Tolling**

Mr. Shreves asserts that no information about the federal limitations period was available at the Montana State Prison and the Great Falls Regional Prison, where he was incarcerated between January 2001 and May 2006. Reply (doc. 39) at 9-10; Shreves Aff. (doc. 1-1). Based on this allegation, Mr. Shreves claims he is entitled to equitable tolling of the limitations period under *Whalem/Hunt v. Early*, 233 F.3d 1146, 1147-48 (9th Cir. 2000) (en banc) (per curiam). A petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2)

---

matter of law, the court had no authority to impose," may be challenged in a state habeas petition).

that some extraordinary circumstance stood in his way and prevented timely filing."
*Holland v. Florida*, __ U.S. __, 130 S. Ct. 2549, 2562 (2010).

### 1. Extraordinary Circumstance

Mr. Shreves's Reply reiterates allegations made in the affidavit he filed *pro se* with his original petition. Mr. Shreves is now represented by counsel. He has filed an Amended Petition. The State asserted time bar as a defense in its Answer, *see* Answer (doc. 32) at; Br. in Supp. (doc. 33) at 5-6, thus giving Mr. Shreves the notice and opportunity to respond to which he is entitled. Mr. Shreves took the opportunity to respond in his Reply, *see* Reply (doc. 39) at 7-10. He stands on the *pro se* affidavit.

Mr. Shreves avers that he lacked access to information about the limitations period during the two-month period of his initial placement at Montana State Prison, from January to March, 2001, and thereafter, while he was incarcerated in the regional prison in Great Falls, until May 2006. *See also* Pet'r Appeal (doc. 7) at 1-2. Even assuming these facts are true, he fails to identify any extraordinary circumstance hindering his attempts to pursue federal relief from May 2006 on. He does not say where he was detained after May 2006 up to the time of his federal filing. Mr. Shreves was not required to file his federal petition until November 2007. As to the

period in which the federal petition was untimely and equitable tolling is necessary to make it timely, Mr. Shreves has not identified an extraordinary circumstance that prevented him from timely filing.

### 2. Diligence

In addition, Mr. Shreves's affidavit fails to set forth what efforts he undertook to pursue his rights. *Compare, e.g.*, *Holland*, 130 S. Ct. at 2555-59. He avers that he asked "to check out books on federal appeals and/or time limitations concerning procedural default on 'time bar'" and was told "there were no such books available." Shreves Aff. at 1 ¶ 5. The averment itself shows that Mr. Shreves wanted to pursue federal relief and, further, was specifically concerned about a time bar as early as January 2001, when he was first placed at Montana State Prison. He does not explain what steps, if any, he took after he learned the library had no relevant books. Most importantly, he does not explain what he did after May 2006 to pursue or preserve his right to federal relief. Mr. Schreve fails to allege facts to establish his diligence.

### 3. Conclusion

The facts Mr. Shreves alleged in his affidavit, even if true, do not entitle him to equitable tolling of the limitations period at the only crucial time, that is, between May 2006 and November 2007 or until his filing in this Court in April 2010. Mr.

Shreves has alleged no additional facts that would, if true, entitle him to equitable tolling. He is not entitled to equitable tolling.

**D. Actual Innocence**

Where a petitioner makes a convincing showing that he actually did not commit the crime of which he was convicted, the federal limitations period may be set aside. *McQuiggin v. Perkins*, No. 12-126, slip op. at 1-2 (U.S. May 28, 2013). Mr. Shreves alleges no facts that could support such a finding.

**E. Conclusion**

The petition is time-barred.

## IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327 (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on

9

procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez*, 132 S. Ct. at 648 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Mr. Schreves did not file his petition within the time allotted by statute. There are not facts to support tolling of the statute of limitations. Even assuming Mr. Shreves makes a substantial showing that he was deprived of a constitutional right, reasonable jurists could not find that the petition is timely; that Mr. Shreves has alleged facts sufficient, if true, to support equitable tolling; or that Mr. Shreves is actually innocent. The petition is time-barred. Further proceedings are not warranted. A COA will be denied.

Based on the foregoing, the Court enters the following:

**ORDER**

1. The Amended Petition (doc. 29) is DISMISSED WITH PREJUDICE as time-barred.

2. The Clerk of Court shall enter judgment, by separate document, in favor of Respondent and against Petitioner.

3. A certificate of appealability is DENIED.

DATED this 21st day of June, 2013.

                    /s/ Keith Strong
                Keith Strong
                United States Magistrate Judge